UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6059-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

JEAN GEORGE, a/k/a GENEUS GEORGE,

      Plaintiff,

v.

RON COCHRAN, et al.,

      Defendants.

REPORT RE DISMISSAL
OF SUCCESSIVE COMPLAINT
28 U.S.C. §1915(g)

FILED by _____ D.C.
MAG. SEC.
JAN 21 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

The incarcerated *pro se* plaintiff in this case is a multiple filer, having filed the following known cases:

1.   Jean v. Cochran, et al.
   97-1807-Civ-Moreno
   §1983; Confusing allegations concerning events at the North Broward Detention Center, Pompano Beach.
   Dismissed, lack of prosecution 12/18/97.

2.   Jean v. Singletary
   97-2103-Civ-Ungaro-Benages
   §2254; attacking 5/13/97 Broward conviction.
   Dismissed, lack of exhaustion 4/24/98.

3.   Jean v. Singletary
   97-6836-Civ-Nesbitt
   §2254; Duplicative of 97-2103-Civ-UUB.
   Dismissed as duplicative 8/27/97.



4. <u>Jean v. Cochran, et al.</u>
   97-6838-Civ-Ferguson
   §1983; attacking same
   conviction as 97-1807-Civ-FAM.
   Dismissed as duplicative 8/18/97.

5. <u>George v. Cochran, et al.</u>
   97-6933-Civ-Ferguson
   §1983; Multiple claims including
   denial of medical care, denial
   of medical diet, Broward Co. Main Jail.
   Dismissed, failure to state claim,
   9/22/98.

6. <u>Jean v. Cochran</u>
   97-6955-Civ-Zloch
   §2254; Attacking same conviction
   as 97-2103-Civ-UUB.
   Dismissed as duplicative 9/4/97.

7. <u>Geneus v. EMSA, etc., et al.</u>
   97-7013-Civ-Ungaro-Benages
   §1983; Denial of medical care
   Broward Co. Main Jail.
   Duplicative of 97-6933-Civ-WDF
   Dismissed as duplicative 11/21/97.

8. <u>Geneus v. Trinity Food Service, et al.</u>
   97-7026-Civ-Graham
   §1983; Denial of medical diet
   Broward Co. Main Jail.
   Duplicative of 97-6933-Civ-WDF
   Dismissed as duplicative 11/21/97.

9. <u>Geneus v. Abramson</u>
   97-7158-Civ-Zloch
   §1983; Claim against lawyer
   involved in representation re auto
   accident prior to imprisonment.
   Dismissed, failure to state a claim,
   11/4/97.

10. <u>Geneus v. Lockwood</u>
    97-7243-Civ-Ferguson
    §2254; Attacking same conviction
    as 97-2103-Civ-UUB.
    Dismissed as duplicative 10/29/97.

11. <u>Geneus v. Cochran et al.,</u>
    97-7244-Civ-Ferguson
    Mandamus; Treatment of hand injury
    alleged in earlier §1983 litigation.
    Dismissed as frivolous 11/13/97.

12. <u>Geneus v. Abramson</u>
    97-7270-Civ-Graham
    Mandamus; Representation by attorney
    alleged in earlier §1983 litigation.
    Dismissed, lack of jurisdiction 11/12/97.

13. <u>Geneus v. Medical and Kitchen</u>
    97-7271-Civ-Moreno
    Mandamus; Medical treatment and diet
    alleged in earlier §1983 litigation.
    Dismissed as frivolous 10/28/97.

14. <u>Geneus v. Lockwood</u>
    97-7316-Civ-Moore
    §2254; Attacking 5/13/97 Broward
    conviction, same as 97-2103-Civ-UUB.
    Dismissed as duplicative 11/25/97.

15. <u>Jean v. Cochran</u>
    97-7420-Civ-Hurley
    §2254; Attacking same conviction
    as 97-2103-Civ-UUB.
    Dismissed as duplicative 12/16/97.

16. <u>Geneus v. Abramson, et al.</u>
    98-6727-Civ-Zloch
    §1983; Legal malpractice, etc.,
    re 1993 auto accident.
    Dismissed, 28 USC §1915(g) 8/5/98.

17. <u>George v. SFRC</u>
    98-1644-Civ-Moore
    §1983; Medical claims.
    Dismissed, 28 USC §1915(g) 7/31/98.

18. <u>George v. Germany</u>
    98-7242-Civ-Ferguson
    §2254; Attacking same conviction as
    97-2103-Civ-Ungaro-Benages.
    Dismissed for lack of exhaustion 1/17/99.

19. <u>George v. Abraham</u>
    99-6264-Civ-Dimitrouleas
    §1983; Claim against lawyer involved
    in representation re auto accident prior
    to imprisonment.
    Dismissed, §1915(g), 3/23/99.

20. <u>George v. SFRC, et al.</u>
    99-594-Civ-Highsmith
    §1983; Mistreatment at SFRC
    Dismissed, 28 U.S.C. §1915(g); 3/26/99.

21. <u>George v. Butterworth</u>
    99-8387-Civ-Dimitrouleas
    §2254; Broward Case No. 96-17639.
    Pending.

22. <u>George v. District Court of Appeal Fourth District</u>
    99-6839-Civ-Hurley
    §2254; Duplicative of 99-8387-Civ-Dimitrouleas.
    Dismissed as duplicative, 7/20/99.

23. <u>George v. Cochran, et al.</u>
    00-6059-Civ-Dimitrouleas
    §1983; Conditions of confinement.
    Pending.

Pursuant to 28 U.S.C. §1915(g), enacted April 26, 1996, no prisoner may bring a civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of this section has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals, Rivera v. Allin, 144 F.3d 719 (11 Cir. 1998). There the Court held that the new "three strikes" IFP provision does not violate the First Amendment right of access to the court; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment. Moreover, the Court held that courts in this circuit may properly count as strikes cases dismissed on the statutory grounds prior to April 26, 1996.

The dismissal of a civil rights claim for damages under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) qualifies as a "strike" for purposes of the three strikes provision of the PLRA, 28 U.S.C. §1915(g).

A civil rights complaint for damages filed pursuant to 42 U.S.C. §1983, or <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) which constitutes an attack on a plaintiff's confinement, and is dismissed under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and provisions of the PLRA under 28 U.S.C. §§1915A(b)(1) and/or 28 U.S.C. §1915(e)(2)(B), will count as one of the three strikes allotted to a litigant under section 1915(g).[1]

---

[1] The Courts have held that under appropriate circumstances both the dismissal of a civil rights complaint for damages by a District Court pursuant to <u>Heck</u>, and a frivolous appeal from a District Court's dismissal under <u>Heck</u>, may count as strikes under 28 U.S.C. §1915(g). <u>Adepegba v. Hammons</u>, 103 F.2d 383, 387-388 (5 Cir. 1996) (holding: that a District Court's dismissal under the PLRA of a complaint which is frivolous, malicious, or fails to state a claim, will count as a "strike" for purposes of the PLRA when the plaintiff's appeal is exhausted or waived; that the reversal on appeal of a District Court's dismissal which would have counted as a strike, will lift the strike from the plaintiff's record; that since Congress intended that any frivolous appeal count as a strike against the petitioner, a dismissal in the District Court, *and* the separate dismissal of an appeal therefrom as frivolous, will both count as strikes for purposes of the PLRA); <u>Sandles v. Randa</u>, 945 F.Supp. 169, 171-172 (E.D.Wis. 1996) (complaint dismissed pursuant to <u>Heck</u> counted as a strike under 28 U.S.C. §1915(g) where plaintiff/inmate's allegation of conspiracy

As demonstrated in the list of cases above, this plaintiff has filed three or more cases which fit the criteria of this statute. It does not appear that the plaintiff is under imminent danger of serious physical injury and it is therefore recommended that this case be dismissed pursuant to 28 U.S.C. §1915(g).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: January 29 2000

UNITED STATES MAGISTRATE JUDGE

---

between U.S. Attorney's Office, court appointed counsel, U.S. Probation Officer, and five Judges, was fantastical, delusional, there was no suggestion that defendants acted under color of state law, there was no indication that his sentence was unlawful, and his appropriate remedy was not pursuant to §1983, but rather the federal surrogate for habeas corpus, a motion to vacate pursuant to 28 U.S.C. §2255); Luedtke v. Bertrand, ___ F.Supp.2d ___; No. 98-C-1133 at *3, 1999 WL 14243 (E.D.Wis., Jan. 13, 1999) (dismissal of §1983 claim under Heck v. Humphrey, in prior case filed by the plaintiff, counted as the plaintiff's second of three strikes under the "three strikes" provision of the PLRA). See: Sanders v. DeTella, No. 98 C 4481 at *3, 1997 WL 126866 (N.D.Ill., March 13, 1997) (dismissal of §1983 complaint pursuant to Heck v. Humphrey counts as one of three "strikes" allotted to plaintiff under 28 U.S.C. §1915(g)).

cc:   Jean George, a/k/a
      Geneus George, <u>Pro Se</u>
      DC #660423
      North Florida Reception Center
      P. O. Box 628
      Lake Butler, FL 32054-0628