

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

December 07, 2001

RE: 00-13101-II    Jean George v. Broward County Sheriff's Department
DC DKT NO.: 00-06059 CV-WPD

TO:   Clarence Maddox

CC:   Jean George (#B660423)

CC:   Robert A. Butterworth

CC:   Warden

CC:   Hon. Charlene H. Sorrentino

CC:   Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

December 07, 2001

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 00-13101-II     Jean George v. Broward County Sheriff's Department
DC DKT NO.: 00-06059 CV-WPD

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: one volume

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
For the Eleventh Circuit

No. 00-13101

District Court Docket No.
00-06059-CV-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov 8, 2001
THOMAS K. KAHN
CLERK

JEAN GEORGE,
a.k.a. Geneus George,

    Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF'S DEPARTMENT, by
serving Ron Cochran Sheriff and deputies,
EMSA CORRECTIONAL CARE,
KITCHEN TRINITY FOOD SERVICES,
inside the Jail House,

    Defendants-Appellees.



Appeal from the United States District Court
for the Southern District of Florida

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered:   November 8, 2001
For the Court:   Thomas K. Kahn, Clerk
        By:   McCombs, Elaine



[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 00-13101
Non-Argument Calendar

D.C. Docket No. 00-06059-CV-WPD



JEAN GEORGE,
a.k.a. Geneus George,

Plaintiff-Appellant,



versus

BROWARD COUNTY SHERIFF'S DEPARTMENT,
by serving Ron Cochran Sheriff and deputies,
EMSA CORRECTIONAL CARE,
et al.,

Defendants-Appellees.

Appeal from the United States District Court for the
Southern District of Florida

(November 8, 2001)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jean George appeals the district court's sua sponte dismissal of his civil rights action, 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1915(g). On appeal, George contends, among other things, that (1) his civil rights have been violated, and (2) we should ignore controlling precedent and intervene in the interest of justice.

We review a sua sponte dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g) de novo. Rivera v. Allin, 144 F.3d 719, 723 (11th Cir.), cert. dismissed, 542 U.S. 978 (1998), petition for cert. filed, (U.S. Sept. 21, 1998) (No. 98-6127).

The Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, George has filed 23 prior actions, including 4 dismissed as either frivolous or for failure to state a claim, 9 dismissed as duplicative, and 4 dismissed under § 1915(g). Thus, George is precluded from bringing this civil

action IFP absent a showing that he is in imminent danger of future serious bodily injury. See Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999). Construing George's pleadings liberally, he fails to allege how he is in jeopardy of any immediate danger of serious physical injury. Rather, he merely refers to prior injuries and states in a conclusory manner that he will suffer future harm if his case does not proceed. As such, the district court properly dismissed his claim pursuant to 28 U.S.C. § 1915(g).

**AFFIRMED.**

A True Copy - Attested:
Clerk U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia